Chief Judge Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR08-244 RSL |
| Plaintiff, ) | |
| v. ) | GOVERNMENT'S RESPONSE TO MOTION TO INTERVENE AND MOTION TO UNSEAL |
| LUCRETIA JAMES, ) | |
| Defendant. ) | NOTED: October 2, 2009 |

COMES NOW the United States of America, by and through Jeffrey C. Sullivan, United States Attorney for the Western District of Washington, and Susan M. Roe Assistant United States Attorney for said District, and files this response to CBC's Motion to Intervene and Motion to Unseal certain pleadings relating to defendant, Lucretia James. The government initially opposes the Motion based on CBC's lack of standing to bring a First Amendment action. In addition, the government opposes the Motion to Unseal in that the Court properly exercised its supervisory power, finding that the protection of an individual's privacy, the protection of an individual's safety, and the protection of an ongoing investigation over-rode the qualified right to access of the public and press.

The government notes that the movant has not served a real party in interest, Lucretia James, although Ms. James may move to join. Ms. James is not represented by the government in this response, but the government joins in her motion and pleadings.

GOVERNMENT'S RESPONSE TO MOTION
TO INTERVENE AND TO UNSEAL/JAMES - 1
CR08-244RSL

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1  *INTRODUCTION*

2       Lucretia James was prosecuted as a member of a larger conspiracy. *See,*
3  Attachment 1, *Indictment CR08-91; Indictment and Superseding Indictment, CR08-244.*
4  Arrested in March 2008, she entered a guilty plea on November 4, 2008 and was
5  sentenced by this Court on February 13, 2009.  The Plea Agreement between Ms. James
6  and the government, as well as all Sentencing Memoranda filed by both parties, have
7  been sealed by the courts.  After consideration of the guilty plea and the agreement in its
8  entirety, Magistrate Judge Tsuchida ordered the agreement and the hearing sealed.
9  (Change of Plea Hearing, Audiotape, at 18:00).  This Court sealed the Sentencing
10 Memoranda.  Canadian Broadcast Company (CBC) moves to intervene in this criminal
11 case and to unseal only the Plea Agreement and the Government's Sentencing
12 Memorandum.
13      The purpose of the motion is to allow a producer to "connect the dots" in an
14 upcoming television program about a young man's life and death.[1]  *See,* Attachment 2,
15 Emails from Producer Andrew Culbert to US Attorney's Office, *email of*
16 *September 18, 2009 at 9:36 a.m.*  A Canadian television program, entitled "the fifth
17 estate," seeks to answer the question of why someone would commit suicide after being
18 arrested in a foreign country for drug smuggling and why "a bright young man would
19 choose the path he did."  The producer asserts that by making the plea agreement and
20 Government's Sentencing Memorandum public, the producer would "know more about
21 her [Lucretia James'] situation, their connection, and her role in Sam's situation overall."
22 *Email of September 15, 2009 at 1:50 p.m.*  The producer assures the US Attorney's Office
23 that "our goal is not to compromise anyone's safety, nor do we want to reveal techniques
24 or secrets used by law enforcement."  Rather, the motive is to "gather as much

---

28     [1] CBC requests a speedy determination, alleging the story is time-sensitive. The date for running ths story is completely within CBC's control and should not be used to construct urgency where none exists.

1  information as possible about what led to Sam Brown's arrest." *Email of*
2  *September 15, 2009 at 9:51 am.*

3  Much of the information sought by the CBC, that is, the motivation behind Mr Lindsay-Brown's actions, his life story, and "their connection, and her role in his life" is publicly available.  *See*, Attachment 3, *Few Hurdles for Canada Smugglers to Get Choppers*, Associated Press Article by Gene Johnson, appearing in many publications beginning July 31, 2009; *Death of a Freerider*, by Jesse Hyde, Rolling Stone, August 6, 2009 Issue.  Or the information may be learned from other sources.  Only three of the men arrested in February and March, 2009, were arrested in the United States.  All remain in custody and their cases are in the following posture: (1)  Jeremy Snow has entered a guilty plea to a Felony Information, the Plea Agreement is unsealed, and he is scheduled for sentencing before this Court on Friday, October 2, 2009.  (2) Leonard Ferris has entered a guilty plea in the Eastern District of Washington, the Plea Agreement has been sealed by the Court, and his sentencing is pending.  (3) Ross Legge is awaiting trial in the District of Utah.  Most of those arrested were taken into custody in Canada and have been released.   Some of those involved have spoken rather freely to the press, as evidenced in Attachment 3.  Therefore, CBC has alternative options for obtaining personal information about Mr. Lindsay-Brown, his relationship with Ms. James, and his death.

**STANDING**

CBC asserts it has standing to intervene based on the First Amendment and common law.  CBC is the national public broadcaster of Canada, based in Toronto, Ontario.  Its English television service reaches over 60% of Canadians across the country every week. CBC's investigative news program, *the fifth estate*, is a Canadian cultural institution.  *See,* Declaration of Andrew Culbert.

The United States Constitution and the Bill of Rights guarantees certain rights and granted certain protections to citizens of the United States.  The First Amendment to the United States Constitution provided that "Congress shall make no law . . . abridging the freedom . . . of the press."  Protection of the First Amendment has been extended to

GOVERNMENT'S RESPONSE TO MOTION
TO INTERVENE AND TO UNSEAL/JAMES - 3
CR08-244RSL

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1  people other than U.S. citizens, such as aliens, so long as they reside in this country. See,
2  *Arab-American Anti-Discrimination Committee v. Reno,* 70 F. 3d 1045 (9th Cir. 1995).
3  The umbrella of the First Amendment extends beyond citizens, to others living in this
4  country.  It is unreasonable to expect that the Bill of Rights applies to foreign entities or
5  foreign countries.  This logical limitation is more frequently seen in cases dealing with
6  other constitutional rights.  For instance, the Fourth Amendment exclusionary rule does
7  not apply to foreign actions or foreign residents outside of this country. *Brulay v. United*
8  *States*, 383 F. 2d 345, 348 (9th Cir. 1967).

9       CBC has made no showing either that it conducts business in the United States or
10 that it is entity or "person" within the United States.  The record is bare of any CBC
11 presence in the United States, and the Court should find that its lacks legal standing to
12 bring a First Amendment action to intervene in this matter. *But see*, *Times Newspapers*
13 *Ltd. (Of Great Britain) v. McDonnell Douglas Corp*. 387 F. Supp 189 (C.D.CA 1974)

14      While CBC may have no standing under the First Amendment, it may have
15 standing under common law.

16 ***COMMON LAW***

17      Courts have recognized a common law right of access without regard to the First
18 Amendment, in *Nixon v. Warner Communications, Inc*., 435 U.S. 589 (1978), as a right
19 "to inspect and copy public records and documents, including judicial records and
20 documents." *Nixon* at 597.  It is a right which is identical to the public's right of access,
21 *Id*, at 609, neither grander nor more significant.

22      The common law right of access is not without limits and the "right to inspect and
23 copy judicial records is not absolute.  Every court has supervisory power over its own
24 records and files." *Id,* at 598, and the Court notes approvingly that "access has been
25 denied where court files might have become a vehicle for improper purposes. ..". *Id,* at
26 598.  The Supreme Court directs courts to consider  "the interests advanced by the parties
27 in light of the public interest and the duty of the courts." *Id,* at 602.  Using this standard
28 and weighing the competing interests, the Supreme Court, in *Nixon,* determined that the

GOVERNMENT'S RESPONSE TO MOTION
TO INTERVENE AND TO UNSEAL/JAMES - 4
CR08-244RSL

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

privacy interests of the former president outweighed the media's interest in using the infamous tapes for its own commercial purposes.

*Accord*, *In re Motions of Dow Jones & Co.*, 142 F. 3d 496, (D.C.Cir.), in which the court held that the common law right of access was not absolute and did not cover "documents which have traditionally been kept secret for important policy reasons." Those reasons may include refusal to add to private spite or public scandal, *Nixon, at 598, quoting In re Caswell*; refusal because request was made in order to use information for commercial purposes, *Damiano v. Sony Music Enter., Inc.* 168 F.R.D. 485 (D.N.J. 1996); refusal in effort to insure protection of minor victims, *Globe Newspaper v. Superior Court*, 457 U.S. 596 (1982); and refusal in order to protect an ongoing criminal investigation, *Times-Mirror Co. v. United States*, 873 F.2d 1210 (9th Cir. 1988).

This Court has the authority and right to supervise its records.  The limiting of access to two documents in the Lucretia James case is both well within the Court's common law authority and is proper in this case.  The interest underlying CBC's motion appears to be a commercial one, that is, for use in a television program which acquaints "viewers with a dazzling parade of political leaders, shady character and ordinary people whose lives were touched by triumph or tragedy"and which touts its "spectacular numbers of viewers" *See,* Movant's Exhibit A, Declaration of Culbert.

Moreover, there appear to be alternative ways for CBC to gather information about the Lindsay Brown-James relationship. Several involved parties are in Canada, released from jail.  Some are cooperating with the press, as evidenced in the attached articles. CBC's purely commercial interest is inadequate to overcome Ms. James' privacy rights.

***FIRST AMENDMENT***

Even if CBC supplements the record to establish standing under the First Amendment, the government continues to opposes access.

Under the First Amendment, the press and public have a presumed right of access to court proceedings and documents.  *Press-Enterprise Co. v. Superior Court,*

GOVERNMENT'S RESPONSE TO MOTION
TO INTERVENE AND TO UNSEAL/JAMES - 5
CR08-244RSL

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1  464 U.S. 501, 510 (1985) *(Press-Enterprise I)*.  The presumed right may be overcome by
2  an "overriding right or interest based on findings that closure is essential to preserve
3  higher values and is narrowly tailored to serve that interest." *The Oregonian Publishing*
4  *Company v. United States*, 920 F. 2d 1462, 1465 (9th Cir. 1990), citing
5  *Press-Enterprise I*.

6  The *Oregonian* Court specifically considered plea agreements and whether these
7  pleadings carried a presumed right of access.  Examining whether plea agreements were
8  executed in hearings of the type "traditionally ...conducted in an open fashion," the Court
9  noted that a plea agreement often replaces a criminal trial, and found that plea agreements
10 "typically have been open to the public." *Id* at 1465.

11 As a traditionally public event, the Court then looked to what public interest would
12 be served by access, that is, whether public access would either "serve as a curb on
13 prosecutorial or judicial misconduct" or would "further the public's interest in
14 understanding the criminal justice system." *Id* at 1465.  Stating only a general belief that
15 "openness...enhances" both basic fairness and the appearance of fairness "essential to
16 public confidence in the system," the Court endorsed a "qualified right of access" to plea
17 agreements. *Id,* at 1466.

18 Such a qualified right for plea agreements has been recognized in other circuits.
19 Citing, *United States v. Haller*, 837 F.2d 84 (2nd Cir. 1988); *In re Washington Post Co.*,
20 807 F. 2d 383 (4th Cir. 1986); *United States v. Kooistra*, 796 F. 2d 1390 (11th Cir. 1986).

21 The Court set forth two procedural criteria which must be met to uphold the
22 sealing of a plea agreement.  First, those excluded must have a reasonable opportunity to
23 state their objections.  Second, the reasons supporting sealing must be articulated in
24 findings.  The findings should contain a discussion of (1) the interests at stake, (2) the
25 applicable constitutional principles, and (3) the reasons for ordering closure and rejecting
26 alternatives. *Oregonian,* at 1466.

27 This proceeding provides a reasonable opportunity for CBC to state its objection
28 which have been presented in their pleadings.  The applicable constitutional principles are

GOVERNMENT'S RESPONSE TO MOTION
TO INTERVENE AND TO UNSEAL/JAMES - 6
CR08-244RSL

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1  set forth in the parties' pleadings and the basis for the sealing, particularly as to the Plea
2  Agreement, have been set forth in the record.
3      Courts have found that the qualified right to access plea agreements may be
4  overcome by private parties' interests.  The "need to protect individual privacy rights
5  may, in some circumstances, rise to the level of a substantial governmental interest and
6  defeat the First Amendment right of access claims.  *In re McClatchy Newspapers, Inc. v.*
7  *United States*, 288 F.2d 369, 374 (9th Cir. 2002).  Additionally , a compelling interest
8  may be "a criminal defendant's interest in safety." *Oregonian* at 1467.  And, pursuant to
9  well-established term precedent, the protection of an ongoing criminal investigation is a
10 sufficiently compelling interest. *Times-Mirror Co., supra.*   The preservation of grand
11 jury secrecy and the sensitivity of an ongoing criminal investigation were "higher values"
12 justifying sealing. *Haller, supra*, at 84, citing *Press-Enterprise II.*.
13     Therefore, to seal or restrict access to a plea agreement, the Court must find that
14 (1) closure serves a compelling interest -- which may be a defendant's safety concern,
15 protection of an ongoing criminal investigation, a grand jury matter or a significant
16 privacy issue;  (2) there is a substantial probability that, in the absence of closure, this
17 compelling interest would be harmed; and (3) there are no alternatives to closure that
18 would adequately protect the compelling interest. *Oregonian* at 1466, citing *Press-*
19 *Enterprise II,* 478 U.S. 13-14 (1986).
20     As is evident in Attachment 4, See Affidavit of SA Kasey K. Kanekoa, the
21 investigation is active and ongoing.  Protecting the integrity of an active investigation is a
22 compelling governmental interest. In addition, protection and ensuring the safety of
23 defendants who did not successfully commit their crimes, who have been arrested, and
24 who have admitted guilt is a compelling governmental interest  In addition, the
25 government will present two sealed additional affidavits with facts on the ongoing
26 investigation and safety issues for the Court's *in camera* review.
27     Both of these compelling interests outweigh the pending claim of an absolute right
28 to access to Ms. James' Plea Agreement and the Government's Sentencing Memorandum.

GOVERNMENT'S RESPONSE TO MOTION
TO INTERVENE AND TO UNSEAL/JAMES - 7
CR08-244RSL

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1  It may be that, at a future time such as the completion of the investigation, the
2  government's interests will be satisfied and that release of the pleadings would be
3  appropriate. In the meantime and as an alternative, the government would suggest
4  redaction documents may be appropriately released without compromising legitimate
5  government interests.

6  ***CONCLUSION***

7      The government asks the court to deny CBC's motions at this time, to find that
8  compelling government interests, including the sensitivity of ongoing investigations and
9  the need to protect codefendants' safety, overrides the qualified right of the public and the
10 press to the requested two documents.

11     DATED this 1st day of October, 2009.

13     JEFFREY C. SULLIVAN
       United States Attorney

15     s/ Susan M. Roe
16     SUSAN M. ROE
       Assistant United States Attorney
       WSBA #13000
17     United States Attorney's Office
       700 Stewart, Suite 5220
18     Seattle, Washington 98101-1271
       Telephone: (206) 553-1077
19     Fax: (206) 553-4440
       E-mail: Susan.Roe@usdoj.gov

GOVERNMENT'S RESPONSE TO MOTION
TO INTERVENE AND TO UNSEAL/JAMES - 8
CR08-244RSL

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

| | |
|---|---|
| 1 | CERTIFICATE OF SERVICE |
| 2 | I hereby certify that on October 1, 2009 I electronically filed the foregoing with the |
| 3 | Clerk of the Court using the CM/ECF system which will send notification of such filing |
| 4 | to the attorney(s) of record for the defendant(s).  I hereby certify that I have served the |
| 5 | attorney(s) of record for the defendant(s) that are non CM/ECF participants via telefax. |

*s/Lindsay Erickson*
LINDSAY ERICKSON
Legal Assistant
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: (206) 553-4377
Fax:   (206) 553-4440
E-mail: Lindsay.Erickson@usdoj.gov

GOVERNMENT'S RESPONSE TO MOTION
TO INTERVENE AND TO UNSEAL/JAMES - 9
CR08-244RSL

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970