The Honorable Robert S. Lasnik
Oral Argument Requested

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>LUCRETIA JAMES,<br><br>　　　　　　Defendant. | 2:08-cr-00244-RLS-3<br><br>REPLY TO GOVERNMENT'S RESPONSE TO CBC'S MOTION IN INTERVENE AND UNSEAL SENTENCING RECORDS<br><br>Note on Motion Calendar: October 2, 2009 |

The U.S. Attorney has not met her very high burden under the First Amendment or the common law of showing that the documents should remain under seal. The government proffers the affidavit of U.S. Drug Enforcement Agent Kasey Kanekoa who "believe[s]" that unsealing "certain documents would seriously hinder" the investigation and "may identify" and put "some" codefendants in danger. Affidavit of Special Agent Kasey K. Kanekoa ("Kanekoa Dec.") ¶ 13. These vague, speculatory statements are clearly insufficient. *See Oregonian Publishing Co. v. United States Dist. Court*, 920 F.2d 1462, 1467 (9th Cir. 1990) (finding a lack of evidentiary support based on a letter that failed to present facts demonstrating any danger to the individual or his family). The government's claim that secrecy is needed to protect Ms. James should be viewed with skepticism because her personal information already has been filed publicly. For instance,

REPLY TO CBC'S MOTION TO INTERVENE & UNSEAL
— 1

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

DWT 13410699v1 0090291-000001

the Second Supplement to Presentence Report, Docket # 32, includes information about Ms. James being a mother and her work history.

More importantly, Ms. Kanekoa's declaration acknowledges that unsealing some of the information would not hinder the government's investigation or put co-defendants in danger. Any sealing order must consider and use less restrictive alternatives that do not completely frustrate the public's First Amendment and common law rights of access. *See, e.g., Press-Enterprise I*, 464 U.S. at 512 (concluding that sealing order should be limited "to information that was actually sensitive," i.e., "only such parts of the transcript as necessary to preserve the anonymity of the individuals sought to be protected"). As the Third Circuit explained: "If an alternative would serve the interest well and intrude less on First Amendment values, a denial of public access cannot stand." *United States v. A.D.*, 28 F.3d 1353, 1357 (3d Cir. 1994). If the Court finds that CBC has met its burden with respect to some of the information filed under seal, the Court should accept the government's offer that redacted documents be provided to CBC. Government response at 8.

The government is also submitting two affidavits for the Court's *in camera* review. Government's response at 7. CBC urges the Court to reject secret communications. *See U.S. v. Edwards*, 101 F.3d 17 (2d Cir. 1996) (holding that refusing to seal two letters from defendant to judge was not error). CBC should have access to those documents, as they are part of the Court's decision-making with respect to the present motion to unseal. "Public confidence cannot long be maintained where important judicial decisions are made behind closed doors and then announced in conclusive terms to the public, with the record supporting the court's decision sealed from public view." *Gannett Co. v. DePasquale*, 443 U.S. 368, 429 (1979) (citation omitted). In any event, the government's attempt to keep these affidavits secret should be scrutinized under the same rigorous standards as other documents filed under seal in the present preceding.

REPLY TO CBC'S MOTION TO INTERVENE & UNSEAL
— 2

DWT 13410699v1 0090291-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

The government argues that there are other sources of information available to CBC. This argument improperly places the burden on the public or press to demonstrate a need for openness, in violation of the First Amendment. *Oregonian*, 920 F.2d. at 1466. The Court should similarly reject the government's argument that the CBC has a "commercial purpose." The United States Supreme Court has rejected the claim that the media has a "commercial purpose" where, as here, the purpose is to communicate information. *See New York Times Co. v. Sullivan*, 376 U.S. 254, 266 (1964) (finding that even a paid advertisement was not commercial activity where it "communicated information, expressed opinion, recited grievances, protested claimed abuses, and sought financial support on behalf of a movement" and finding it "immaterial" that the newspaper was paid for the advertisement or that the newspapers were sold).

With respect to the government's opposition to intervention, at least one court here in the Western District of Washington has allowed Canadian media to intervene to challenge the right of access to court records and proceedings. *See In re Thow*, 392 B.R. 860 (2007). Further, a federal court has specifically recognized that the First Amendment applies to a member of the foreign media. *See Times Newspapers Ltd. v. McDonnell Douglas Corp.*, 387 F. Supp. 189, 192 (1974). The government has provided no cases that reach a different result in a First Amendment context. The Canadian media have as much an interest in this proceeding as the American media. The criminal charges stem from an investigation of a drug-smuggling ring operating out of both the United States and Canada. *See, e.g.,* Kanekoa Dec. ¶ 2, 3, 5. Two individuals are fugitives in Canada. *Id.* ¶ 4.

Finally, Local Civil Rule 5(b) authorizes services by electronic means when a paper is properly filed in accordance with the court's ECF system. CBC filed its documents through with ECF, and therefore service was proper.

For these reasons, the Court should grant CBC's motion to intervene and to unseal the plea agreement and sentencing documents filed by the U.S. Attorney's Office.

REPLY TO CBC'S MOTION TO INTERVENE & UNSEAL — 3

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

DWT 13410699v1 0090291-000001

DATED this 2nd day of October, 2009.

>Davis Wright Tremaine LLP
>Attorneys for the Canadian Broadcasting Corporation
>
>By _____
>Bruce E.H. Johnson, WSBA No. 7667
>Sarah K. Duran, WSBA No. 38954
>1201 Third Avenue, Suite 2200
>Seattle, WA 98101-3045
>Telephone: (206) 622-3150
>            (206) 757-8035
>Fax: (206) 757-7700
>E-mail:    brucejohnson@dwt.com
>           sarahduran@att.net

REPLY TO CBC'S MOTION TO INTERVENE & UNSEAL
— 4

DWT 13410699v1 0090291-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700