___FILED  ___ENTERED
___LODGED ___RECEIVED

OCT -8 2009

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                              DEPUTY



08-CR-00244-ORD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LUCRETIA JAMES,<br><br>Defendant. | Case No. CR08-244RSL<br><br>ORDER GRANTING IN PART CBC'S MOTION TO INTERVENE AND TO UNSEAL DOCUMENTS |

This matter comes before the Court on a motion filed by the Canadian Broadcasting Corporation ("CBC") to intervene for the limited purpose of moving to unseal two documents that the United States filed under seal in this matter: the plea agreement and the government's sentencing memorandum (collectively, the "documents").[1] Both of the documents were sealed in their entirety.[2] The Court held a

---

[1] During oral argument, counsel for the CBC stated that the CBC is also seeking any other sealed documents that are not reflected in the docket. Other than the government's pending *ex parte* motion to seal two affidavits, the existence of which is known to the CBC, there are no other sealed documents that do not appear in the docket. The Court will address the *ex parte* motion to seal by separate order.

[2] The sealing of the documents was permitted in part because it was not opposed. Now that the CBC has filed this motion, the Court considers the sealing anew in light of

ORDER GRANTING IN PART CBC'S MOTION
TO INTERVENE AND TO UNSEAL DOCUMENTS - 1

1    hearing on the matter on October 8, 2009. In addition to the CBC and the government,
2    counsel for Lucretia James appeared and opposed the motion to unseal the documents.
3    The Court has reviewed the CBC's motion, the opposition memoranda filed by Ms. James
4    and the government, and the CBC's reply.

5         Ms. James was prosecuted for conspiracy to possess with the intent to distribute
6    controlled substances and conspiracy to distribute controlled substances. She was
7    prosecuted as part of a broader conspiracy. On November 4, 2008, she entered a guilty
8    plea and was sentenced by this Court in February 2009. The CBC seeks the documents as
9    part of its television program, "the fifth estate," in which it will explore a young man's
10   life and death. It seeks to answer the question of why the young man would commit
11   suicide after being arrested in a foreign country for drug smuggling and why a "bright
12   young man would choose the path he did." Government's Response at Attachment 2.

13        As an initial matter, Ms. James and the government argue that the CBC, as a
14   foreign entity, lacks standing to intervene in this matter. Domestic press outlets
15   unquestionably have standing to challenge access to court documents. See, e.g.,
16   Oregonian Publ'g Co. v. United States District Court for the District of Oregon, 920 F.2d
17   1462, 1464 (9th Cir. 1990). At least one other federal court has recognized that the First
18   Amendment applies to a member of the foreign media. See Times Newspapers Ltd. v.
19   McDonnell Douglas Corp., 387 F. Supp. 189, 192 (C.D. Cal. 1974). Neither the
20   government nor defendant has cited any contrary cases in the First Amendment context.
21   Although the government notes that the Fourth Amendment's exclusionary rule does not
22   apply to foreign residents outside this country, the case it cites in support involved actions
23   by non-U.S. entities. Government's Response at p. 4 (citing Brulay v. United States, 383

---

the interests of the third party.

ORDER GRANTING IN PART CBC'S MOTION
TO INTERVENE AND TO UNSEAL DOCUMENTS - 2

F.2d 345, 348 (9th Cir. 1967)). In contrast, the CBC argues that its right to obtain documents in this country are being abridged by the seal in this Court. In addition, the CBC has a common law right "to inspect and copy judicial records." Nixon v. Warner Communications, Inc., 435 U.S. 589, 598 (1978). Based on those rights, the Court permits the CBC to intervene for the limited purpose of moving to unseal the documents.

Having found that the CBC has standing, the Court considers the merits of the request to unseal. There is a "strong presumption in favor of the common law right to inspect and copy judicial records." Phoenix Newspapers v. U.S. District Court, 156 F.3d 940, 946 (9th Cir. 1998). Despite the presumption, the right "is not absolute. . . . Every court has supervisory power over its own records and files," and the Court may deny access "where court files might . . . become a vehicle for improper purposes." Nixon, 435 U.S. at 598. In this case, there is no evidence that the CBC intends to use the documents for an improper purpose. The Court also considers the "interests advanced by the parties in light of the public interest and the duty of the courts." Id. at 602. Moreover, the presumed right of access "can be overcome only by an overriding right or interest 'based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" Oregonian Publ'g Co., 920 F.2d at 1465 (quoting Press-Enterprise Co. v. Superior Court, 464 U.S. 501, 510 (1985) (Press-Enterprise I). The Supreme Court has stated that documents in criminal proceedings may be closed to the public without violating the First Amendment only if the following substantive requirements are satisfied: (1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest. Press-Enterprise Co. v. Superior Court, 478 U.S. 1, 13-14 (1986) (Press-Enterprise II).

ORDER GRANTING IN PART CBC'S MOTION
TO INTERVENE AND TO UNSEAL DOCUMENTS - 3

1    In this case, both the government and defendant have requested that the documents
2  remain sealed in their entirety. The government argues that although the prosecution of
3  Ms. James has concluded, the government's investigation into the broader criminal
4  conspiracy is on-going and reflects involvement of dangerous individuals associated with
5  criminal gangs that operate in cross-border drug operations, and that unsealing the
6  documents could compromise the active investigation. See Declaration of Kasey
7  Kanekoa, (Dkt. #75-2). The government and defendant argue that unsealing the
8  documents could also jeopardize the safety of Ms. James and her family because the
9  documents reveal both the fact and the details of her cooperation with the government.
10 Those arguments reflect compelling interests that justify sealing a portion, but not all, of
11 the documents. A significant portion of the documents contains boilerplate language and
12 information that is otherwise a matter of public record. During the sentencing hearing,
13 multiple references were made to Ms. James' cooperation and the sentence she received
14 reflects that cooperation. Both the transcript of the sentencing hearing and the length of
15 her sentence are part of the public record. Because that information is publicly available,
16 no purpose would be served by sealing those portions of the documents. The government
17 has not shown how most of the information in the documents will compromise its active
18 investigation. Rather, the assertion to that effect is vague. Moreover, plea agreements
19 have typically been open to the public. Oregonian Publ'g Co., 920 F.2d at 1465.
20 However, the Court finds that Ms. James and the public have an interest in continuing to
21 protect the details of Ms. James' cooperation to protect her safety and that of her family
22 and to further the on-going investigation. Those interests could be harmed if the details
23 of Ms. James' cooperation are made public. Moreover, redacting some of the information
24
25
26 ORDER GRANTING IN PART CBC'S MOTION
   TO INTERVENE AND TO UNSEAL DOCUMENTS - 4

1   will protect the details of the on-going criminal investigation into the broader conspiracy.[3]
2   There are no alternatives to partially sealing the documents that would adequately protect
3   those compelling interests. Accordingly, the Court has redacted portions of the
4   documents to remove the details of Ms. James' cooperation. Only a small portion of the
5   documents has been redacted, and the Court has conducted the redactions in the narrowest
6   possible way.
7       For all of the foregoing reasons, the CBC's motion to intervene and to unseal (Dkt.
8   #65) is GRANTED IN PART. The documents, which appear at docket entries #20 and
9   #30, may remain under seal. The Clerk of the Court is directed to file in the docket
10  redacted copies of those documents, which the Court has provided. The government
11  should notify the Court once the investigation concludes and circumstances no longer
12  justify sealing the documents.
13      Finally, as the Court noted during oral argument, Ms. James filed her response to
14  the motion and supporting documents under seal, but their contents do not warrant sealing
15  them in their entirety. The documents (Dkt. #73, #74) may remain under seal, but Ms.
16  James' counsel is directed to file redacted copies of the documents in the docket by the
17  end of the day on Friday, October 9, 2009. The redactions should follow the Court's
18  redactions to the plea agreement and the government's sentencing memorandum,
19  including redacting the details of Ms. James' cooperation and other private information

---

[3] The most compelling and sensitive details of that investigation were presented in the government's *ex parte* sealed affidavits opposing the motion to unseal the documents. Because of the highly sensitive nature of the information therein, the Court will not summarize their contents in this order.

ORDER GRANTING IN PART CBC'S MOTION
TO INTERVENE AND TO UNSEAL DOCUMENTS - 5

that could jeopardize her safety, and they should be narrowly tailored.

DATED this 8th day of October, 2009.

_/s/ Robert S. Lasnik_
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART CBC'S MOTION
TO INTERVENE AND TO UNSEAL DOCUMENTS - 6