```
08-CR-00244-NTC
```

FILED
LODGED
ENTERED
RECEIVED

NOV 04 2008

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE
DEPUTY

**FILED UNDER SEAL**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR08-244 RSL |
| Plaintiff, | |
| v. | PLEA AGREEMENT |
| LUCRETIA JAMES, | **FILED UNDER SEAL** |
| Defendant. | |

The United States of America, by and through Jeffrey C. Sullivan, United States Attorney for the Western District of Washington, and Susan M. Roe, Assistant United States Attorney for said District, and the defendant, Lucretia James, and her attorney, Jon Zulauf, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c):

1.  <u>The Charges</u>. The defendant, having been advised of the right to have a jury trial, agrees to waive that right and enter a plea of guilty to the charge contained in Count 2 of the Indictment which charges her with Conspiracy to Possess with the Intent to Distribute Controlled Substances, that is, 3,4- Methylenedioxymethamphetamine (MDMA or Ecstasy) and Cocaine, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A) and 846.

PLEA AGREEMENT/JAMES - 1
CR08-244RSL

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

By entering this plea of guilty, the defendant hereby waives all objections to the form of the charging document.

The defendant understands that, in order to invoke the statutory sentence set forth below, the United States would have had to prove beyond a reasonable doubt at trial that over five kilograms of cocaine was involved in this conduct. The defendant waives her right to require the United States to make this proof, and stipulates that this plea of guilty includes her acknowledgment that this offense involved over five (5) kilograms of cocaine.

She further understands that before entering the plea of guilty, she will be placed under oath. Any statement she gives under oath may be used by the government in a prosecution for perjury or false statement

2. <u>Elements of the Offenses</u>. The elements of the offense are:

First, that there was an agreement between two or more people to possess MDMA and cocaine with the intent to distribute it, and

Second, that the defendant joined the conspiracy knowing of its object and intending to help accomplish it.

3. <u>The Penalties</u>. The defendant understands that the statutory penalties are a minimum mandatory term of imprisonment of ten years for the conduct involving over five kilograms of cocaine with a maximum term of life, a fine of up to four million dollars, a period of supervision following release from prison of five years, and a $100 penalty assessment.

The defendant understands that another consequence of pleading guilty may include the forfeiture of certain property either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

The defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs or restitution, is due and payable immediately, and further agrees to submit a completed Financial Statement of Debtor form as requested by the United States Attorney's Office.

PLEA AGREEMENT/JAMES - 2
CR08-244RSL

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1  She further understands that by pleading guilty to a felony drug offense, she may
2  become ineligible for certain food stamp and social security benefits under 21 U.S.C.
3  § 862a.

4  The defendant understands that supervised release is a period of time following
5  imprisonment during which she will be subject to certain restrictions and requirements.
6  The defendant further understands that if supervised release is imposed and she violates
7  one or more of its conditions, she could be returned to prison for all or part of the term of
8  supervised release that was originally imposed. This could result in her serving a total
9  term of imprisonment greater than the statutory maximum stated above.

10  4.  Rights Waived by Pleading Guilty. The defendant understands that, by
11  pleading guilty, she knowingly and voluntarily waives the following rights:

12  a.  The right to plead not guilty and to persist in a plea of not guilty;

13  b.  The right to a speedy and public trial before a jury of her peers;

14  c.  The right to the effective assistance of counsel at trial and the right to have
15  the Court appoint an attorney for her if she could not afford one;

16  d.  The right to be presumed innocent until guilt has been established beyond a
17  reasonable doubt at trial;

18  e.  The right to confront and cross-examine witnesses against her at trial;

19  f.  The right to compel or subpoena witnesses to appear on her behalf at trial;

20  g.  The right to testify or to remain silent at trial, and her silence could not be
21  used against her; and

22  h.  The right to appeal a finding of guilt or any pretrial rulings.

23  5.  United States Sentencing Guidelines. The defendant understands and
24  acknowledges that at sentencing the Court must consider the sentencing range calculated
25  under the United States Sentencing Guidelines, together with the other factors set forth in
26  Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances
27  and of the offense; (2) the history and characteristics of the defendant; (3) the need for the
28  sentence to reflect the seriousness of the offense, to promote respect for the law, and to

PLEA AGREEMENT/JAMES - 3
CR08-244RSL

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1 provide just punishment for the offense; (4) the need for the sentence to afford adequate
2 deterrence to criminal conduct; (5) the need for the sentence to protect the public from
3 further crimes of the defendant; (6) the need to provide the defendant with educational
4 and vocational training, medical care, or other correctional treatment in the most effective
5 manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims;
6 and (9) the need to avoid unwarranted sentence disparity among defendants involved in
7 similar conduct who have similar records. Accordingly, the defendant understands and
8 acknowledges that:

  a. The Court will determine her applicable Sentencing Guidelines range at the time of sentencing;

  b. After consideration of the Sentencing Guidelines and the factors in Title 18, United States Code, Section 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

  c. The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement other than the following:

  (1) As to the Cocaine - 72 kilograms of cocaine yields a base offense level of 36;

  (2) As to the MDMA - 200,000 doses of MDMA yields a base offense level of 36;

  (3) the defendant should receive a three level reduction for her acceptance of responsibility;

  (4) the defendant appears to be eligible for a two level reduction, pursuant to 5C1.2 (the safety valve provision);

  (5) the parties are free to argue the relevance of other guideline provisions.

  6. <u>Sentence</u>. Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

PLEA AGREEMENT/JAMES - 4
CR08-244RSL

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

7. <u>Statement of Facts</u>. The parties agree that the government would present evidence of the following at trial. Further, the defendant admits that she is guilty of the charged offense.

In February and March 2008, a DEA Special Agent, working in an undercover role, negotiated by telephone and blackberry device to purchase 200,000 pills of MDMA for the wholesale price of $400,000 from a group of Canadians. The agent met with Canadian Wayne Coates at a Tukwila restaurant on March 5, 2008 to complete the transaction. The deal was to occur the following day so agents surveilled Coates much of that evening, the following day and during the meeting. Coates went in and out of three different hotels, engaged in counter-surveillance maneuvers in his car, and carried bags between his car and the hotels. Coates also met a woman in the parking lot who brought him two sports bags which contained the pills. Coates was arrested before the drug transaction occurred and nearly 200,000 MDMA pills were found in the bags.

Lucretia James was the woman who delivered the nearly 200,000 pills of MDMA to Coates. The pills had just been smuggled in from Canada and she assisted by receiving and delivering them to Coates while she drove south from the Border. Ms. James continued her trip after the delivery to Coates and drove to California where she picked up a shipment of cocaine.

On March 8, 2008 Ms. James was stopped in California as she drove northbound, in both the Central and the Eastern Districts of California, with 72 kilograms of cocaine in the same car used to deliver the MDMA. Ms. James knew she possessed the cocaine, intended to deliver it to another person, and knew that it was illegal to possess and to distribute MDMA and cocaine.

8. <u>Acceptance of Responsibility</u> The United States acknowledges that the defendant has assisted the United States by timely notifying the authorities of her intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently. If, at the time of sentencing, the United States remains satisfied that she has accepted responsibility, then it will

PLEA AGREEMENT/JAMES - 5
CR08-244RSL

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

recommend a sentence that takes this acceptance of responsibility into consideration. The defendant understands and agrees that the United States will base its recommendation on factors set forth in the United States Sentencing Guidelines, including Section 3E1.1.

9. <u>Cooperation</u> The defendant shall cooperate completely and truthfully with law enforcement authorities in the investigation and prosecution of other individuals involved in criminal activity. Such cooperation shall include, but not be limited to, complete and truthful statements to law enforcement officers, as well as complete and truthful testimony, if called as a witness before a grand jury, or at any state or federal trial, retrial, or other judicial proceedings. The defendant acknowledges that this obligation to cooperate shall continue after she has entered a guilty plea and that the failure to continue to cooperate may constitute a breach of this Plea Agreement.

The defendant understands that the United States will tolerate no deception from her. If, in the estimation of the United States Attorney, information or testimony provided from the date of the Plea Agreement, proves to be untruthful or incomplete in any way, regardless of whether the untruthfulness helps or hurts the United States' case, the United States Attorney for the Western District of Washington may consider that the defendant has breached this Plea Agreement.

The parties agree that information provided by the defendant in connection with this Plea Agreement shall not be used to determine her sentence, except to the extent described in USSG § 1B1.8.

PLEA AGREEMENT/JAMES - 6
CR08-244RSL

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1  In exchange for the defendant's cooperation, as described above, and conditioned
2  upon her fulfillment of all conditions of this Plea Agreement, the United States Attorney
3  agrees to consider filing a motion pursuant to 18 U.S.C. § 3553(e) and/or Section 5K1.1
4  of the United States Sentencing Guidelines, recommending that the Court sentence the
5  defendant to a sentence that reflects her cooperation. The defendant understands that in
6  the event the United States Attorney files such a sentencing recommendation, that
7  recommendation will be based on consideration of factors and provisions set forth in the
8  United States Sentencing Guidelines.

9  The defendant agrees that her sentencing date may be delayed for a reasonable
10 time based on the United States' need for her continued cooperation;

11 She further agrees to forfeit to the United States all rights, interest and claim
12 she may have to her snowmobile and snowmobile trailer which were used in drug
13 trafficking activities. She will release those items, and assist in their transfer, to the
14 United States

15 10. Non-Prosecution of Additional Offenses. As part of this Plea
16 Agreement, the United States Attorney's Office agrees to move to dismiss Counts 1 and 3
17 of the Indictment. In this regard, the defendant recognizes that the United States has
18 agreed not to prosecute all of the criminal charges that the evidence establishes were
19 committed by her solely because of the promises she made in this Agreement. The
20 defendant acknowledges and agrees, however, that for purposes of preparing the
21 Presentence Report, the United States Attorney's Office will provide the United States
22 Probation Office with evidence of all relevant conduct committed by him.

23 The defendant agrees and acknowledges that any charges to be dismissed before or
24 at the time of sentencing were substantially justified in light of the evidence available to
25 the United States, were not vexatious, frivolous or taken in bad faith, and do not provide
26 the defendant with a basis for any future claims under the "Hyde Amendment," Pub.L.
27 No. 105-119(1997).
28

PLEA AGREEMENT/JAMES - 7
CR08-244RSL

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

11. <u>Waiver of Appeal</u>. The defendant is aware that Title 18, United States Code, Section 3742 gives her the right to appeal the sentence to be imposed, and that other federal statutes give her the right to appeal other aspects of the conviction. In consideration of the United States's agreement not to file additional charges and on the condition that the Court imposes a custodial sentence that does not exceed the advisory guideline sentence, the defendant knowingly and voluntarily agrees to waive the following rights:

    a. The right to appeal the sentence imposed by the Court, pursuant to Title 18, United States Code, Section 3742;

    b. The right to appeal any aspect of her conviction, including any pretrial suppression matters or other pretrial dispositions of motions and other issues; and

    c. The right to bring any collateral attack against the defendant's conviction or sentence, except as it may relate to the effectiveness of legal representation.

12. <u>Voluntariness of Plea</u>. The defendant acknowledges that she has entered into this Plea Agreement freely and voluntarily, and that no threats or promises, other than the promises contained in this Plea Agreement, were made to induce her to enter this plea of guilty.

13. <u>Statute of Limitations</u>. In the event that this Agreement is not accepted by the Court for any reason, or the defendant has breached any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) 30 days following the date of non-acceptance of the Plea Agreement by the Court; or (2) 30 days following the date on which a breach of the Plea Agreement by the defendant is discovered by the United States Attorney's Office.

14. <u>Post-Plea Conduct</u>. The defendant understands that the terms of this Plea Agreement apply only to conduct that occurred prior to the execution of this Agreement. If, after the date of this Agreement, the defendant should engage in illegal conduct, or conduct that is in violation of her conditions of release (examples of which include, but are not limited to: obstruction of justice, failure to appear for a court proceeding, criminal

PLEA AGREEMENT/JAMES - 8
CR08-244RSL

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer or Court), the United States is free under this Agreement to seek a sentence that takes such conduct into consideration. Such a sentence could include a sentencing enhancement under the United States Sentencing Guidelines or an upward departure from the applicable sentencing guidelines range.

15. **Completeness of Agreement.** The United States and the defendant acknowledge that these terms constitute the entire Plea Agreement between the parties. This Agreement binds the United States Attorney's Office for the Western District of Washington and the United States Attorney's Offices for the Central and Eastern Districts of California. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 4 day of November, 2008.

LUCRETIA JAMES
Defendant

JON ZULUAF 6936
Attorney for Defendant James

DOUGLAS B. WHALLEY
Assistant United States Attorney

SUSAN M. ROE
Assistant United States Attorneyj

PLEA AGREEMENT/JAMES - 9
CR08-244RSL

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970