Judge Robert Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>LUCRETIA JAMES,  )<br>)<br>Defendant.  )<br>_____  ) | NO. CR 08-244 RSL<br><br>**DEFENDANT'S OPPOSITION TO CBC'S MOTION TO INTERVENE AND UNSEAL SENTENCING RECORDS FOR LUCRETIA JAMES**<br><br>Noted: October 2, 2009 |

The defendant, Lucretia James, through counsel, Jon Zulauf, responds to the CBC's motion to intervene and unseal sentencing records. The Court should deny the CBC's motions because sealing is necessary to ensure James' safety and to protect the integrity of an ongoing criminal investigation.

DEFENDANT'S OPPOSITION TO CBC'S
MOTION TO INTERVENE AND UNSEAL
SENTENCING RECORDS FOR LUCRETIA JAMES - 1

ZULAUF & CHAMBLISS
TOWER BUILDING, SUITE 1301
1809 SEVENTH AVENUE
SEATTLE, WASHINGTON 98101
(206) 682-1114

### 1. Statement of Facts

A statement of the case is contained in the defendant's pre-sentence report and will not be repeated here. It is sufficient to say that Lucretia James is

Without assistance                    , Lucretia was destitute and unable to pay for food or shelter for          . Lucretia also suffered from posttraumatic stress after years of abuse. Her psychological state, combined with her lack of financial resources, led her into criminal activity.

On April 21, 2009,                                  , received a telephone call from an unknown party asking when Lucretia would be released from custody. The identity of the

DEFENDANT'S OPPOSITION TO CBC'S
MOTION TO INTERVENE AND UNSEAL
SENTENCING RECORDS FOR LUCRETIA JAMES - 2

ZULAUF & CHAMBLISS
TOWER BUILDING, SUITE 1301
1809 SEVENTH AVENUE
SEATTLE, WASHINGTON 98101
(206) 682-1114

had been a secret.  It is apparent that someone is watching Lucretia's       and keeping track of Lucretia's release date.

In May, 2009, an unidentified male called Lucretia's mother and asked when she would be released from custody.

In July, 2009, two unidentified Mexican men approached a woman who had previously worked as a flagger with Lucretia and asked to speak with her.  They were interested in finding Lucretia and asked if she was out of custody.

## 2. Argument

### A. Standing.

The Canadian Broadcasting Corporation lacks standing to bring this action to intervene.

The Canadian Broadcasting Corporation (CBC) has filed a motion to unseal District Court records pertaining to Lucretia James.  The CBC is not a citizen of the United States, nor is it a "foreign state, citizen or subject" as set forth in Article III, Section 2, Clause 1 of the United States Constitution.

Those who do not possess Article III standing may not litigate as suitors in the courts of the United States. Valley Forge Christian College v. Americans United for Separation of Church and State, 454 US 464, 70 Led 2d 700, 102 Sects 752 (1982)

Article III, Section 2 of the United States Constitution provides that: "The judicial power shall extend to all cases, in law and equity, arising under this Constitution . . . to cases (and).  To all controversies to which the United States shall be a party; to controversies between two or more states; . . . and between a state, or the citizens thereof, and foreign states, citizens, or subjects."

DEFENDANT'S OPPOSITION TO CBC'S
MOTION TO INTERVENE AND UNSEAL
SENTENCING RECORDS FOR LUCRETIA JAMES - 3

ZULAUF & CHAMBLISS
TOWER BUILDING, SUITE 1301
1809 SEVENTH AVENUE
SEATTLE, WASHINGTON 98101
(206) 682-1114

The CBC does not fall in any of the categories listed in Article III. Nothing gives it standing to intervene and unseal the sentencing records for Lucretia James.

Further, the "cases and controversies" section of Article III has been interpreted to require a showing that the petitioner was actually harmed and its rights were interfered with. The CBC does not have a constitutional right to freedom of the press under the First Amendment because it is not a citizen or domestic corporation of the United States. Because it does not have a constitutional right to freedom of the press, its rights were not abridged by the Court's action in sealing the records.

To establish "standing" the petitioner must "show that he personally has suffered some actual or threatened injury". Gladstone Realtors v. Village of Bellwood, 441 U.S. 91 (1979).

Because the CBC has not established that it has "standing" the motion to intervene should be denied.

### B. Unsealing the records will endanger Lucretia James and interfere with an ongoing investigation.

Under the First Amendment, the public has a presumed right of access to court proceedings and documents. Oregonian Publ'g Co. v. United States Dist. Court of Oregon, 920 F.2d 1462, 1465 (9th Cir. 1990). However, the right of access under the First Amendment is not absolute. See Globe Newspaper Co. v. Superior Court, 457 U.S. 596, 606 (1982); Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555, 573 (1980). "The right to openness in criminal proceedings may give way to other rights or interests, such as the government's interest in inhibiting disclosure of sensitive information." United States v.

DEFENDANT'S OPPOSITION TO CBC'S
MOTION TO INTERVENE AND UNSEAL
SENTENCING RECORDS FOR LUCRETIA JAMES - 4

ZULAUF & CHAMBLISS
TOWER BUILDING, SUITE 1301
1809 SEVENTH AVENUE
SEATTLE, WASHINGTON 98101
(206) 682-1114

Brown, 447 F. Supp. 2d 666 (2006), citing Globe, 457 U.S. at 606-607. Criminal proceedings and documents may be closed to the public without violating the First Amendment if: "1) closure serves a compelling interest; 2) there is a substantial probability that, in the absence of closure, the compelling interest would be harmed; and 3) there are no alternatives to closure that could adequately protect the compelling interest." Oregonian Publ'g Co. at 1466, citing Press-Enterprise Co. v. Superior Court, 464 U.S. 501 (1985).

In this case there are two compelling interests that are served by the sealing order in this case.

DEFENDANT'S OPPOSITION TO CBC'S
MOTION TO INTERVENE AND UNSEAL
SENTENCING RECORDS FOR LUCRETIA JAMES - 5

ZULAUF & CHAMBLISS
TOWER BUILDING, SUITE 1301
1809 SEVENTH AVENUE
SEATTLE, WASHINGTON 98101
(206) 682-1114

Third, as part of the plea agreement, the government explained to Lucretia that it would take precautions necessary to protect her - including placing the sentencing memoranda under seal.

### C. The CBC has not established a compelling need to unseal the records.

The CBC states in its pleading that it is "conducting an investigation into the life and death of Samuel Jackson Lindsay Brown . . ." Mr. Brown committed suicide after his arrest on drug smuggling charges. There is nothing in the CBC pleadings that demonstrated the need to open Lucretia James' files in order to report on Mr. Brown's life and death.

In correspondence with Lucretia James, the CBC has claimed that Mr. Brown participated in a drug deal in order to help Lucretia, financially, with legal issues. But Lucretia had appointed counsel. No money was ever paid to appointed counsel, nor was money offered to Lucretia or to her counsel to pay legal costs. The assertions made by the CBC have no merit. This appears to be a dangerous fishing expedition.

Lucretia James has refused to meet with the CBC rebuffing many requests for interviews.

This court should weigh the need for opening the files against the dangers to Lucretia James in determining whether the files, in this instance, should be unsealed.

### D. The court rules contemplate the sealing of sensitive records.

DEFENDANT'S OPPOSITION TO CBC'S
MOTION TO INTERVENE AND UNSEAL
SENTENCING RECORDS FOR LUCRETIA JAMES - 6

ZULAUF & CHAMBLISS
TOWER BUILDING, SUITE 1301
1809 SEVENTH AVENUE
SEATTLE, WASHINGTON 98101
(206) 682-1114

Local Criminal Rule 32 provides for the protection of sensitive court documents. CrR (b)(7) provides that the probation department's presentence report shall be presumed to remain under the continuing control of the court and shall be used only for the purpose of enabling agencies to carry out their official functions.

CrR 32 (c)(1)(A) also contemplates the protection of sensitive pleadings. That section provides that a 5K1.1 motion for substantial assistance "must" be "filed under seal". The District Courts have a supervisory power over judicial records. Nixon v. Warner Communications, 435 U.S. 589 (1978). One of the most important functions of the court is to ensure that witnesses are protected and that cooperating witnesses are not put in danger.

This court should deny CBC's motion to unseal the records.

Respectfully submitted this 8th day of October, 2009.

ZULAUF & CHAMBLISS

/s Jon R. Zulauf
JON R. ZULAUF #6936
Counsel for Lucretia James

DEFENDANT'S OPPOSITION TO CBC'S
MOTION TO INTERVENE AND UNSEAL
SENTENCING RECORDS FOR LUCRETIA JAMES - 7

ZULAUF & CHAMBLISS
TOWER BUILDING, SUITE 1301
1809 SEVENTH AVENUE
SEATTLE, WASHINGTON 98101
(206) 682-1114

## Certificate of Service

I hereby certify that on October 8, 2009 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorney of record for the government. I hereby certify that I have served the attorneys of record for the government that are non CM/ECF participants via United States Mail, postage prepaid.

/s Darlene McLean
Darlene McLean
Legal Assistant for
Jon R. Zulauf
1809 7th Avenue Suite 1301
Seattle, WA 98101
Phone – 206.682.1114
Fax – 206.343.5015

DEFENDANT'S OPPOSITION TO CBC'S
MOTION TO INTERVENE AND UNSEAL
SENTENCING RECORDS FOR LUCRETIA JAMES - 8

ZULAUF & CHAMBLISS
TOWER BUILDING, SUITE 1301
1809 SEVENTH AVENUE
SEATTLE, WASHINGTON 98101
(206) 682-1114